## KALINA v. ROBERT GAIR CO.

(Supreme Court, Appellate Term. December 2, 1910.)

1. CORPORATIONS (§ 432*)—CONTRACT BY AGENT—ACTION AGAINST PRINCIPAL—AGENCY—BURDEN OF PROOF.

In an action against a corporation to recover commissions for securing a purchaser of goods, basing the claim on an agreement made with plaintiff by an employé of the corporation, the burden was on the plaintiff to prove, not only the employé's agency, but that his agreement was within the scope of his authority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1730; Dec. Dig. § 432.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BROKERS (§ 40*)—RIGHT TO COMMISSIONS.

    Plaintiff secured a purchaser of goods for defendant. After the order for them had been taken, plaintiff wrote to an employé of defendant, who had no authority to grant commissions, stating that he expected his commissions on the order, to which there was no reply. *Held*, that he could not recover.

    [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 40.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Loeser Kalina against the Robert Gair Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SEABURY, PAGE, and BIJUR, JJ.

McMillan & Hewitt, for appellant.

Max Schenkman, for respondent.

PAGE, J. This action was brought to recover $75 as commissions for the securing of an order for paper boxes for the defendant from the Strauch Company. The plaintiff, a pen artist, was employed by the Strauch Company to make certain plates for them to be used upon folding paper boxes. The vice president of the Strauch Company asked plaintiff where he could get these boxes made. Upon being informed that the defendant manufactured them, he requested plaintiff to obtain prices. Plaintiff told him he would get them to send around a salesman to take the order. Plaintiff thereupon called up one Andrews, and as a result a salesman was sent and the order secured on April 26th. On April 27th plaintiff wrote, claiming to have seen Andrews "the other day," "and told him that I expect to get my commissions on this order, as usual 5 per cent. You will surely get this order and I in turn will expect my commissions." He predicates his claim upon a statement he alleges he made to Andrews that he should expect a commission of 5 per cent. on the order. Andrews was the superintendent of manufacture for the defendant.

The burden was on the plaintiff to show, when he seeks to hold the principal upon agreements made with one he knew to be an employé, not only the agency, but that the acts of the agent were within the scope of his authority. Not alone did plaintiff fail to do this, but defendant showed that Andrews had no authority to bind defendant in that regard. Nowhere does it appear that Andrews assumed to agree to pay the commission. At most, the evidence shows merely the expression of plaintiff's desires. If these expressions had been made to one with authority to make an agreement and had been made prior to the order having been received, then there would have been some merit in plaintiff's contention. The evidence shows that the letter to the defendant was not written until after the order had been received.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes